UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIELLE BARATTA,

    Plaintiff,                             Case No.:

v.

TRINITY PRESCHOOLS, INC., d/b/a
KIDS "R" KIDS LEARNING ACADEMY
OF TRINITY,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, DANIELLE BARATTA, by and through her undersigned counsel and sues the Defendant, TRINITY PRESCHOOLS, INC., d/b/a KIDS "R" KIDS LEARNING ACADEMY OF TRINITY ("KIDS "R" KIDS" of "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, DANIELLE BARATTA, is an adult resident of Pasco County, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act, and the Florida Civil Rights Act.

4. Defendant, KIDS "R" KIDS, is a Florida Profit Corporation authorized and doing business in this Judicial District. At all times material, Defendant employed Plaintiff. At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by the Americans with Disabilities Act and the Florida Civil Rights Act. Defendant is a covered employer under the Fair Labor Standards Act.

5. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8.    Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9.    On February 10, 2022, Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10.   On September 26, 2022, the EEOC issued a Notice of Right to Sue related to Plaintiff's Charge of Discrimination.  This Complaint is filed within ninety (90) days of the issuance of the Notice of Right to Sue; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11.   Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12.    On October 26, 2020, Plaintiff began her employment with Defendant as Office Manager.  When Plaintiff was hired, she was not required to perform bus duty, but was given bus driving responsibility at the beginning of 2021.

13.   Plaintiff was compensated at an hourly rate of $16.50.

14.   During Plaintiff's employment with Defendant, Plaintiff worked approximately five to seven hours of overtime per week (during one week,

Plaintiff worked approximately 20 hours of overtime); however, Defendant failed to pay Plaintiff at a rate of time and one-half her regular rate of pay for all hours worked over 40 in a workweek.

15. Instead, Defendant gave Plaintiff compensatory time during the week following the week in which she worked overtime.

16. On October 4, 2021, Plaintiff was diagnosed with cancer; in particular, Malignant Neoplasm of the Vulva.

17. On October 5, 2021, Plaintiff informed Anitha Thomas (Owner) of her cancer diagnosis. Thomas did not have much of a response other than telling Plaintiff that they would take it "day-by-day."

18. Not long after Plaintiff informed Thomas of her cancer diagnosis, Thomas began pushing Plaintiff to go out on medical leave despite Plaintiff neither requesting medical leave nor needing medical leave.

19. On November 29, 2021, Plaintiff began her cancer treatment. Specifically, Plaintiff had 28 bouts of radiation, which she scheduled after work hours. Plaintiff also had 6 weeks of chemotherapy that required her to take a half-day unpaid, one day per week.

20. During Plaintiff's cancer treatment, Thomas continued to push Plaintiff to take medical leave. Specifically, Thomas stated that Plaintiff needed to

take 5 weeks off work because, in her opinion, Plaintiff's body could not handle the treatments.

21. Additionally, Thomas insisted that Plaintiff's cancer treatments hindered her ability to drive bus for the school. However, Plaintiff's treating physicians told Plaintiff that her cancer treatments would not hinder her ability to drive the bus.

22. Thomas also claimed that the company's auto insurance would not cover Plaintiff because of her health condition.

23. On December 6, 2021, Thomas acted standoffish towards Plaintiff. Thomas told Plaintiff that Plaintiff could no longer drive the bus because her "disability" was a "liability."

24. Later in the day, Thomas told Plaintiff that her husband (and co-owner of Defendant), John Verghese, was very "upset and uncomfortable" once he learned of Plaintiff's health condition.

25. Defendant assigned Kayla Westfall to Plaintiff's bus driving duties. Ironically, Westfall was involved in a car accident a few months prior and was cited for the accident.

26. On December 7, 2021, Plaintiff was terminated from her employment with Defendant. Thomas called Plaintiff to her office and told Plaintiff that she had until the end of December 2021 to look for another job because Defendant

could not afford to pay Plaintiff to sit at the desk and not drive bus. Thomas also stated that she could not tell her insurance company that Plaintiff was going through chemotherapy and radiation and did not want to lie to them. Again, Thomas repeated that Plaintiff was a "liability" and that her husband was "very mad" because Plaintiff could not drive anymore, despite there being no truth to it.

27. Plaintiff told Thomas that she could not believe Thomas was firing her with everything Plaintiff had going on. Thomas told Plaintiff that, if Plaintiff was not going through her "situation," Thomas would let Plaintiff go that day and not give Plaintiff the opportunity to work until the end of the month.

28. On December 8, 2021, Plaintiff reported to work and was sent home early by Thomas.

29. On December 9, 2021, Plaintiff woke up not feeling well and called off work due to illness (non-Covid).

30. Later that day, Maria Diaz (Director), called Plaintiff to see how she was feeling. Diaz told Plaintiff that she would need a doctor's note to return to work, per Thomas. Plaintiff found that surprising, considering that the only employees who were required to provide doctor's notes were those returning to work due to Covid-19 or Covid-19 exposure. Nevertheless, Plaintiff assured Diaz that she would obtain a doctor's note. Diaz also told Plaintiff that Plaintiff was

directed to take off the next day, Friday, December 10, 2021, per Thomas. As a result, Plaintiff could not attend the workplace holiday party.

31. On December 13, 2021, Plaintiff was off work due to chemotherapy.

32. On December 14, 2021, Plaintiff spoke with Diaz, who told Plaintiff that Thomas had no plans to have Plaintiff work over the 2-week holiday break starting December 20, 2021.

33. Moreover, Diaz told Plaintiff that there was no reason for Plaintiff to come back in to work and to focus on her recovery from chemotherapy.

34. Later that day, Plaintiff sent a text message to Thomas asking that her accrued vacation time be paid out in her last paycheck. Thomas did not respond.

35. Finally, on December 16, 2021, Plaintiff went to Kids "R" Kids to pick up her belongings and gifts from parents. Plaintiff did her best to say goodbye to her co-workers, but Thomas was rushing to get Plaintiff out of the building.

## COUNT I
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

36. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

37. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at least the prevailing minimum wage for all hours worked and overtime at a rate of not less than 1 ½ times the regular

rate of pay for all hours worked in excess of the maximum hours allowed by law (overtime hours).

38. Plaintiff was an employee of Defendant and is not exempt from the right to receive overtime pay under the FLSA. Therefore, Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

39. Throughout her employment with Defendant, Plaintiff worked in excess of the maximum hours allowed by law (overtime hours), for which she was not compensated at the overtime rate.

40. Plaintiff was/is entitled to be paid overtime compensation for all overtime hours worked.

41. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of the maximum hours allowed by law (overtime hours), violates the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 207.

42. Defendant failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 *et. seq.*, including 29 U.S.C. § 211(c) and § 215(a).

43. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

44. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA.

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief allowed by law including judgment against Defendant for:

    (a) Overtime compensation, liquidated damages, and prejudgment interest;

    (b) Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    (c) A judicial determination that the FLSA was violated;

    (d) An adjudication on the merits of the case; and

    (e) Such other relief as the court may deem just and proper.

## COUNT II
## AMERICANS WITH DISABILITIES ACT – DISCRIMINATION

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

46. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. §12112 *et seq*.

47. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

48. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, Plaintiff's cancer

substantially limited one or more major life activities and/or one or more major bodily functions.

49. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

50. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

51. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

52. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

53. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

54. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT ("FCRA") DISABILITY/HANDICAP DISCRIMINATION

55. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

56. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act, *Fla. Stat.* §760, *et seq*.

57. Plaintiff is an employee within the meaning of the Florida Civil Rights Act.

58. Plaintiff is an individual with a disability/handicap within the meaning of the Florida Civil Rights Act. Specifically, Plaintiff's cancer

substantially limited one or more major life activities and/or one or more major bodily functions.

59. Plaintiff was a qualified individual with a disability within the meaning of the Florida Civil Rights Act because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

60. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability in violation of the Florida Civil Rights Act. Specifically, Defendant terminated Plaintiff's employment.

61. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

62. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

63. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

64. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Prejudgment interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

      e.     Attorneys' fees and costs;

      f.     Injunctive relief; and

      h.     For any other relief this Court deems just and equitable.

## COUNT IV
## AMERICANS WITH DISABILITIES ACT – RETALIATION

65. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

66. Plaintiff engaged in protected activity under the Americans with Disabilities Act, as amended. Specifically, Plaintiff requested reasonable accommodations for her disability.

67. Plaintiff suffered an adverse employment action for engaging in protected activity under the Americans with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment.

68. Defendant's adverse employment action was causally connected to Plaintiff's engagement in protected activity.

69. The above-described act of retaliation constitutes a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 *et seq*.

70. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

71. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

72. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Attorneys' fees and costs;

    f. Injunctive relief; and

    g. For any other relief this Court deems just and equitable.

## COUNT V
## FLORIDA CIVIL RIGHTS ACT ("FCRA") - RETALIATION

73. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty-five (35).

74. Plaintiff engaged in protected activity under the Florida Civil Rights Act (FCRA). Specifically, Plaintiff requested reasonable accommodations for her disability.

75. Plaintiff suffered an adverse employment action for engaging in protected activity under the FCRA. Specifically, Defendant terminated Plaintiff's employment.

76. Defendant's adverse employment action was causally connected to Plaintiff's engagement in protected activity.

77. The above-described act of retaliation constitutes a violation of the Florida Civil Rights Act, *Fla. Stat.* § 760, *et seq*.

78. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

79. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

80. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  g. For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

81. Plaintiff, DANIELLE BARATTA, demands a trial by jury on all issues so triable.

**DATED** this 5th day of December 2022.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*